# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THOMAS LEE MIDKIFF, JR., as Trustee of THE TLMJ REVOCABLE TRUST, *et al.*, | Case No. 1:18-cv-00191-TSB |
| | Judge Timothy S. Black |
| Plaintiffs, | |
| -v- | |
| THOMAS LUDT, *et al.*, | |
| Defendants. | |

## ORDER AND FINAL JUDGMENT

This civil action came before the Court on July 31, 2018 for hearing pursuant to the Order Preliminarily Approving Settlement (the "Preliminary Approval Order") of this Court dated July 2, 2018, on the application of Plaintiff for approval of the settlement of the Derivative Claims in this action as set forth in the Stipulation of Settlement and Release Agreement entered into as of June 12, 2018, including all exhibits thereto (the "Settlement Agreement" or the "Agreement"). Due and adequate notice having been given by Horseco, Inc. ("Horseco" or the "Company") to Current Horseco Stockholders as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment (the "Judgment") incorporates herein the Settlement Agreement, including the exhibits thereto. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Derivative Claims, and the Parties to the Settlement Agreement have consented to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement.

3. The record shows that Notices have been given to all Current Horseco Stockholders in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such Notices: (i) constitute reasonable and the best notice practicable under the circumstances; (ii) constitute notice that was reasonably calculated to apprise all Current Horseco Stockholders of the pendency of this action and the Derivative Claims, the terms of the Settlement Agreement, and Current Horseco Stockholders' right to object to and appear at the settlement fairness hearing held on July 31, 2018 at 1pm (the "Settlement Hearing"); (iii) constitute due, adequate, and sufficient notice to all persons or entities entitled to receive notice in accordance with Rule 23.1(c) of the Federal Rules of Civil Procedure; and (iv) meet the requirements of due process.

4. In light of the benefits to the Company and the complexity, expense, and possible duration of further litigation against the Director Defendants, Keeneland, and/or Privato, the Court hereby fully and finally approves the Settlement, pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure, as set forth in the Settlement Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Horseco and its stockholders. This Court further finds the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Horseco, Horseco's stockholders, the Derivative Defendants, Keeneland, and Privato. No objections to the Settlement were submitted.

5. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. All of the Derivative Claims

are dismissed on the merits and with prejudice. The Parties are to bear their own attorneys' fees, costs, and expenses.

6. Upon the Effective Date, as defined in the Setlement Agreement, the Releasing Persons shall be deemed to have, and by operation of the Judgement shall have, fully, finally, and forever waived, released, relinquished, and discharged the Released Claims and the Derivative Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Settlement Agreement.

7. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgement shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Claims or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Settlement Agreement.

8. The provisions contained in the Settlement Agreement (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted with regard to the Derivative Claims or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in this action or any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement Agreement. The Released Persons may file the Agreement and/or the Order and Final Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or

reduction or any other theory of claim preclusion or issue preclusion or similar defense of counterclaim.

9. Current Horseco Stockholders and/or any Horseco stockholder derivatively on behalf of Horseco are permanently barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

10. Without effecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose. Plaintiff, the Derivative Defendants, Keeneland, Privato, and each Current Horseco Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement or the Agreement (including the exhibits thereto) and only for such purposes.

11. Judgment shall be, and hereby is, entered dismissing the Derivative Claims with prejudice on the merits.

**IT IS SO ORDERED.**

Date: 7/31/18

*Timothy S. Black*
Timothy S. Black
United States District Judge